Marvin I. Honig, Esq. County Attorney, Rensselaer
I am writing in response to your request for an opinion as to whether a limited partnership formed for the purpose of owning and operating an apartment complex in Rensselaer County must file a Certificate of Limited Partnership with the Rensselaer County clerk.
As stated in your letter, the principals of this limited partnership live in New York City and maintain a law office there. The partnership was formed for the sole purpose of owning and operating an apartment complex in Rensselaer County. The Certificate of Limited Partnership lists an address in New York City as the principal place of business. Your letter states that the principal office of the partnership is in New York City. The certificate was filed with the New York County clerk and published in New York City. You have asked whether it is necessary for a filing to be made in Rensselaer County, the situs of the property.
Under the Uniform Limited Partnership Act (ULPA) (Partnership Law, §§ 90-119), in order to form a limited partnership, the Certificate of Limited Partnership must give the location of the partnership's "principal place of business" (id., § 91[1][a][III]). In addition, the certificate must be filed in the office of the county clerk "of the county in which the principal office of such partnership is located" (id., § 91[1][b]), and notice of such filing must be published in two newspapers in the county where the certificate is filed.
If the partners all live, work and conduct partnership business in New York County, it would appear that the partnership's principal office and its filing responsibility, would be in New York County, even though the rented property is located in another county. Persons doing business with the partnership would inevitably come to learn that the partnership office is in New York County, and would thus be on notice that the certificate is on file with the New York County Clerk.
Although a creditable argument could be made that Rensselaer County is the principal place of business of a partnership whose sole business is to rent property in Rensselaer County, filing under the ULPA is dependent on the partnership's principal office, not its principal place of business. Filing in New York County alone, then, would appear to satisfy the statutory requirements.
We conclude that a limited partnership formed for the purpose of owning and operating an apartment complex in Rensselaer County, and whose principals work and reside in New York County, is not required by section91 of the Partnership Law to file and publish a Certificate of Limited Partnership in Rensselaer County if the partnership's principal office is in New York County.